DOUGLAS R. BROWN (NSB # 3777)
drb@lge.net
RICHARD G. VERLANDER (NSB #12887)
rgv@lge.net
LEMONS, GRUNDY & EISENBERG
6005 Plumas Street, Suite 300
Reno, Nevada 89509
Ofc: (775) 786-6868
Fax: (7750 786-9716
*Attorneys for Plaintiff*
FOREMOST INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FOREMOST INSURANCE GROUP,
a Delaware Corporation,

        Plaintiff,

vs.

SKIWI INC., a dissolved Nevada corporation; TODD KELLING a Nevada Resident; MELISSA MATSON, a Nevada Resident; PAUL MILLER AND VICKIE MILLER Australian Residents; ESTATE OF DEANNA LEWIS, a Washington Estate,

        Defendants.

Case No.: 3:15-CV-00156-LRH-WGC

**ORDER GRANTING**
**EX PARTE MOTION FOR ORDER FOR ALTERNATIVE SERVICE** [1]

**EX PARTE MOTION FOR ORDER FOR ALTERNATIVE SERVICE**

Plaintiff FOREMOST INSURANCE COMPANY, by and through its counsel LEMONS, GRUNDY & EISENBERG, hereby moves this Court for an Order for the publication of the Summons and Complaint.

This Motion is made pursuant to FRCP 4(f) and is based upon all papers filed, or to be filed, in this action and such other information as may be properly presented to the Court for its consideration of this Motion.

///

///

---

[1] The court has extracted the exhibits attached to the stipulation from this order.

**MEMORANDUM OF POINT AND AUTHORITIES**

**I.   INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

This matter arises from the September 22, 2012, collision between watercraft operated by Deanna Lewis and Vickie Miller on the Colorado River. Both Mrs. Miller and her husband are from Australia, although they were both residing in Henderson, Nevada at the time of September 22, 2012, collision. *See* Tr. of E.U.O. of Paul Miller, 7:11-14, 16:19-17:2, and Tr. of E.U.O. of Vickie Miller, 5:24-6:1, attached hereto as **Exhibit 1**. During the interval between the Millers' June 12, 2014, examinations under oath and the filing of the Complaint for Declaratory Relief on or about March 12, 2015, the Millers moved back to Australia. *See* Declaration of Douglas R. Brown, attached hereto as **Exhibit 2.**

After learning that the Millers' had left the country, Foremost Insurance Group sought to serve the Millers with process in Australia, pursuant to FRCP 4(f), by retaining international process servers Civil Action Group, Ltd. d/b/a APS International, Ltd., a Minnesota corporation. *See* Civil Action Group Invoice, attached hereto as **Exhibit 3.** In spite of Civil Action Group's efforts, as well as those of Civil Action Group's Australian subcontractors, the location of the Millers was unable to be determined. *See* Letter from APS dated August 25, 2015, attached hereto as **Exhibit 4.**

Out of an abundance of caution, Foremost Insurance Group also sought to serve the Millers at their last known address in the United States before filing this Motion. Information obtained by the process server further confirms that the Millers have returned to Australia. *See* Affidavits of Attempts, attached hereto as **Exhibit 5.**

This motion is being filed with the Court *ex parte* because the location of the Millers in Australia is unknown.

Service of process on an individual in a foreign country is governed by FRCP 4(f), which states:

> **Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
> **(1)** by any internationally agreed means of service that is reasonably

LEMONS, GRUNDY & EISENBERG
6005 PLUMAS ST.
THIRD FLOOR
RENO, NV 89519
(775) 786-6868

calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
**(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> **(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> **(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or
> **(C)** unless prohibited by the foreign country's law, by:
>> **(i)** delivering a copy of the summons and of the complaint to the individual personally; or
>> **(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> **(3)** by other means not prohibited by international agreement, as the court orders.

In *BP Products N. Am., Inc. v. Dagra,* the United States District Court for the Eastern District of Virginia permitted a plaintiff to serve a defendant with process by publication in two Pakistani newspapers once a week for four weeks. 236 F.R.D. 270 (E.D. Va. 2006). In *Dagra*, the plaintiff was seeking to enforce a personal guaranty of over $12 million in defaulted business loans against a guarantor who owned several businesses in Virginia and was believed to reside in Pakistan. *Id.* at 271. The plaintiff in *Dagra* made substantial efforts to locate and then serve defendant under the terms of the Hague Convention to no avail. *Id.* The *Dagra* court held:

> From the limited case law in the area, it is clear that service by publication to a defendant in a foreign country is an acceptable alternative means under 4(f)(3), so long as diligent attempts have been made to locate the defendant and serve process by traditional means, and the publication is one that likely would reach the defendant.

*Id.* at 272. Other courts are in agreement. *See, e.g., S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987) (permitting service by publication in foreign newspaper); *Smith v. Islamic Emirate of Afghanistan*, 01 CIV 10132 (HB), 2001 WL 1658211 (S.D.N.Y. Dec. 26, 2001) (permitting service by publication in foreign media outlets on Osama Bin Laden and Al Qaeda); *U.S. S.E.C. v. Shehyn*, 04 CIV. 2003 (LAP), 2008 WL 6150322 (S.D.N.Y. Nov. 26, 2008) (permitting service of process by publication in foreign newspaper).

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
THIRD FLOOR
RENO, NV 89519
(775) 786-6868

- 3 -

Thus, the rule articulated in *Dagra, i.e.* "service by publication to a defendant in a foreign country is an acceptable alternative means under 4(f)(3), so long as diligent attempts have been made to locate the defendant and serve process by traditional means, and the publication is one that likely would reach the defendant," determines when service by publication to a defendant in a foreign country is permissible.

Here, Plaintiff attempted to discover the Australian location of the first Millers by purchasing international process server Civil Action Group, Ltd.'s in-house Australian address search. *See* Billing dated 22-Apr-2015 for $100 Address Search in **Exhibit 3.** When that search produced no valid address for the Millers, Plaintiff incurred the additional expense of retaining, using Civil Action Group, Ltd. as an intermediary, an Australian investigator to perform a skip-trace on the Millers. *See* Billing dated 10-Jun-2015 for $800 Address Search in **Exhibit 3.** In spite of the Australian investigator's efforts, the skip-trace failed to locate the Millers. Plaintiff has therefore made diligent, albeit unsuccessful, attempts to locate the Millers and serve them with process. Accordingly, so long as the alternative service, here publication, is likely to reach the Millers, it should be permitted by this Court.

Australia has two national newspapers: THE AUSTRALIAN and THE AUSTRALIAN FINANCIAL REVIEW; these two publications roughly correspond to the NEW YORK TIMES and the WALL STREET JOURNAL, respectively. *See* National Library of Australia Website, pages: http://www.nla.gov.au/research-guides/finding-newspapers,http://catalogue.nla.gov.au/Record/277225 (entry for THE AUSTRALIAN), and http://catalogue.nla.gov.au/Record/1156953 (entry for THE AUSTRALIAN FINANCIAL REVIEW) (last visited September 22, 2015). All other newspapers listed on the National Library of Australia's ".gov" website are either local or regional publications with far more limited circulation or are published in languages other than English. Thus, publication of process in both THE AUSTRALIAN and THE AUSTRALIAN FINANCIAL REVIEW is likely to reach the Millers as these are the two national (in Australia) newspapers that serve all of Australia rather than one particular city or region.

Accordingly, Plaintiff respectfully requests that this Court issue an order permitting service of the Summons and Complaint to be made by publication, once a week for four

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
THIRD FLOOR
RENO, NV 89519
(775) 786-6868

- 4 -

consecutive weeks, in both the Australian and the Australian Financial Review, the two newspapers of general circulation in Australia. Alternatively, Plaintiff respectfully requests this Court issue an Order, pursuant to FRCP 4(f)(3), permitting some other means of alternative service which the Court finds more suitable under the circumstance presented by this matter.

DATED this ____ day of October, 2015.

LEMONS, GRUNDY & EISENBERG

BY: _____
DOUGLAS R. BROWN, ESQ. (SBN 3777)
RICHARD G. VERLANDER, ESQ. (SBN 12887)
6005 Plumas Street, Third Floor
Reno, NV 89519
Ofc.: (775) 786-6868
Fax.: (775) 786-9716

*Attorneys for Plaintiff*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: October 6, 2015.